MATTER OF MINEI

In Section 248 Proceedings

A-14354327

*Decided by Regional Commissioner December 13, 1965*

Application of a temporary visitor for pleasure for a change of nonimmigrant classification pursuant to section 248, Immigration and Nationality Act, to that of a visitor for business to do scenery paintings and drawings, exhibit his works at galleries, and to sell his paintings, is denied since such activities involve no international trade or commerce, the profits accrue in this country, and applicant, in fact, would be performing local services or labor in the United States.

This matter is before the Regional Commissioner on appeal from the decision of the District Director denying the application.

The applicant is a native and citizen of Italy, 42 years of age, who was last admitted to the United States on August 18, 1965 as a visitor for pleasure until September 18, 1965. He had been in the United States as a visitor previously and was then returning from a stay of one week in Bermuda. When interviewed by an officer of this Service on September 1, 1965 he stated his sole purpose for visiting the United States was to paint scenery of New York, to exhibit, and to sell those paintings. His application for a change of status to that of a visitor for business was filed September 16, 1965.

Press clippings presented by the applicant indicate his works were exhibited at Palm Beach Galleries, Palm Beach, Florida in January 1962, the Gallery 63, New York City, January 7-25, 1964 and at The Ryder Gallery, Los Angeles, in February, 1965; that thereafter he had completed thirteen drawings and paintings in New York City; and that he would be exhibiting in San Francisco's Maxwell Gallery and elsewhere in the United States. During the interview of September 1, 1965, the applicant also stated that he is a well known painter, that his paintings normally sell for about $500 each, and that at the Ryder Gallery he sold five or six paintings for which he received $1,050.

Section 101(a)(15)(B) of the Immigration and Nationality Act defines a visitor for business as an alien having a residence in a foreign country which he has no intention of abandoning and who is visiting the United States temporarily for business. By pertinent regulation, 22 CFR 41.25(b), the term "business" as used in section 101(a)(15)(B) of the act refers to legitimate activities of a commercial or professional character, not including, however, purely local employment or labor for hire. This regulation embodies the holding of the Supreme Court in *Karnuth et al.* v. *United States ex rel. Albro*, 279 U.S. 231, 241, to the effect that the term "business" as used in section 3(2) of the Act of 1924 was limited in application to intercourse of a commercial character.

There is no international trade or commerce in the present activities of the applicant, the profits accrue in this country. The applicant is in fact performing services or labor in the United States. He is therefore statutorily ineligible for classification as a nonimmigrant visitor for business. The appeal will be dismissed.

ORDER: It is ordered that the appeal be and the same is hereby denied.